J-S48009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| VAUGHN E. JAMES | |
| Appellant | No. 1012 WDA 2015 |

Appeal from the PCRA Order May 18, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000990-2011
CP-02-CR-0004395-2011
CP-02-CR-0015955-2008

BEFORE:  BOWES, DUBOW AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J:                    **FILED AUGUST 19, 2016**

Vaughn E. James appeals from the May 18, 2015 order dismissing his second PCRA petition.  We affirm.

This appeal encompasses three underlying criminal cases.  At criminal action 15955 of 2008, on March 15, 2011, Appellant tendered a negotiated guilty plea.  In exchange for a two to six year term, Appellant pled guilty to one count each of possession of a controlled substance with intent to deliver ("PWID), obstruction of justice, possession of marijuana, and resisting arrest and two counts of possession of a controlled substance.  On July 18, 2011, at case number 990 of 2011, which was initiated by the Office of the Attorney General of Pennsylvania, Appellant entered a negotiated guilty plea

to two counts of corrupt organizations, thirteen counts of delivery of a controlled substance (including cocaine, heroin, and marijuana), eight counts of PWID, and one count each of conspiracy, prohibited sale or transfer of a firearm, carrying an unlicensed firearm, and receiving stolen property. The negotiated sentence in that case was eleven to twenty-two years of incarceration followed by a probationary term of a maximum of three months. There was also a five-year mandatory term of imprisonment that was to be imposed in that action, but it had to run concurrently to the above-described sentence.

That same day, July 18, 2011, at action number 4395 of 2011, Appellant pled guilty to two counts of PWID (cocaine) in return for imposition of a mandatory minimum term and withdrawal of two other offenses. The sentence at this matter was to be imposed concurrently with that at 990 of 2011. Appellant accepted the mandatory minimum sentences to protect his girlfriend, his co-defendant, from a jail term.

On July 18, 2011, Appellant was sentenced in all three cases in accordance with the above-negotiated agreement with the exception that his maximum sentence in the 2008 case was reduced as it was set at four rather than six years. In addition, the court granted the Commonwealth restitution for the amount that it expended to purchase drugs pursuant to controlled buys, which amounted to $14,440 in the 2011 cases and $12,864.96 in the 2008 action.

Appellant did not file a direct appeal. On March 2, 2012, Appellant filed a timely *pro se* PCRA petition at all three docket numbers. Counsel was appointed and filed a petition to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Counsel was allowed to withdraw and PCRA relief was denied. Appellant filed a *pro se* notice of appeal and raised numerous issues on appeal, including a claim that the restitution award was improper. We agreed with that position on the basis that the imposition of restitution violated the terms of the plea agreement. Upon remand, the trial court struck all restitution.

On April 14, 2015, Appellant filed his second petition seeking post-conviction relief by arguing that his sentence was unconstitutional as it included application of mandatory minimum sentences that were unconstitutional under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). In ***Alleyne***, the United States Supreme Court held that any fact, other than the existence of a prior conviction, that invokes application of a mandatory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt. Various mandatory minimum sentencing provisions, including the one applied herein, have been declared void and unconstitutional under ***Alleyne***, but the cases were direct appeals from imposition of a judgment of sentence.

- 3 -

On April 22, 2015, the PCRA court herein issued notice of its intent to dismiss the petition without a hearing, and, on May 19, 2015, it denied PCRA relief. This *pro se* appeal followed. Appellant raises these positions for our review:

1. Is Appellant's sentence illegal and unconstitutional pursuant to recent decisions declaring 18 Pa.C.S.A. §7508 unconstitutional [under **Alleyne**, **supra**]?

2. Since Appellant's sentence is unconstitutional is Appellant entitled to resentencing in that his sentence is illegal?

Appellant's brief at 4.

We first outline our standard of review:

Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. **Commonwealth v. Marshall**, 596 Pa. 587, 947 A.2d 714, 719 (2008). The PCRA court's credibility determinations, when supported by the record, are binding on this Court. **Commonwealth v. Johnson**, 600 Pa. 329, 966 A.2d 523, 532, 539 (2009). However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions. **Commonwealth v. Rios**, 591 Pa. 583, 920 A.2d 790, 810 (2007).

**Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011). **Accord Commonwealth v. Bardo**, 105 A.3d 678, 685 (Pa. 2014) ("If supported by the record, the PCRA court's credibility determinations and factual findings are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.").

Before we can address the merits of any of Appellant's positions, we must determine whether Appellant's April 14, 2015 PCRA petition was timely

filed as that issue implicates our jurisdiction. **Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." **Id**. at 992 (citation omitted); **see Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) ("[I]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Any PCRA petition has to be filed within one year of the date the defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). Accordingly, we first must determine when Appellant's judgment of sentence became final. "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). In this case, since Appellant did not file a direct appeal from his July 18, 2011 judgment of sentence, that sentence became final thirty days later, or on August 17, 2011. Appellant had until August 17, 2012, to file a timely PCRA petition, and his April 14, 2015 petition is untimely.

There are three exceptions to the one-year time bar of § 9545: 1) governmental officials interfered with presentation of the claim; 2) the facts underlying the claim were unknown to the defendant and could not have

been discovered by the exercise of due diligence; and 3) the right asserted is a constitutional right that was recognized by our Supreme Court or the United States Supreme Court after a defendant's judgment of sentence became final and the Supreme Court or the United States Supreme Court has held that right to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(i-iii). To invoke an exception, the petitioner must plead and prove it. *Commonwealth v. Beasley*, 741 A.2d 1258, 1261-62 (Pa. 1999) (petitioner has burden to plead and prove exceptions). In addition, any exception must be raised within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Herein, Appellant does not specifically invoke the newly-recognized constitutional right exception to the PCRA time requirements. He simply notes that the mandatory minimum sentencing provision in question, as well as others, have been struck down in their entirety as unconstitutional under *Alleyne* and that his sentence is unconstitutional and illegal. He also observes that legality of sentence issues cannot be waived.

Our Supreme Court recently ruled that *Alleyne* does not apply retroactively to attacks upon mandatory minimum sentences advanced on collateral review. *Commonwealth v. Washington*, 2016 WL 3909088 (Pa. July 19, 2016). Under *Washington*, Appellant cannot, by means of a PCRA petition, attack the validity of his sentence on the bases that it included

imposition of mandatory minimum sentences that were rendered unconstitutional under *Alleyne.*

Additionally, an attack to the legality of a sentence, even though non-waivable, still must be brought pursuant to a timely PCRA petition. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (although legality of sentence is always subject to review within PCRA, claims must still first satisfy the PCRA's time limits or a statutory exception). Thus, Appellant's assertion that he is serving an illegal sentence fails to overcome the PCRA's time bar.

Moreover, even to the extent that we treat Appellant's citation to *Alleyne* as leveling a basis to circumvent the time bar, his claim fails for another reason. Appellant failed to satisfy the threshold requirement of asserting the statutory exception within sixty days of the date the claim could be presented. *See* 42 Pa.C.S. § 9545(b)(2). The United States Supreme Court decided *Alleyne* on June 17, 2013, and Appellant did not filed his petition seeking relief under its provisions until April 14, 2015, nearly two years after that case was decided. Appellant cannot obtain relief under *Alleyne* under this untimely filed PCRA petition. Hence, we affirm the denial of relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/2016